IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD JONES, #B58058, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00158-SMY |
| | ) |
| FRANK LAWRENCE, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

Plaintiff Reginal Jones filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). He alleges violations of his First and Eighth Amendment rights during his incarceration at Menard Correctional Center ("Menard"). This matter is now before the Court on Plaintiff's "Motion to Compel (Stay of Residence)" (Doc. 35), construed as a motion for preliminary injunction. Plaintiff seeks an order that he remain housed in Menard's segregation unit while his request for protective custody placement outside of Menard is pending.

## BACKGROUND

Following preliminary review of his Complaint under 28 U.S.C. § 1915A (Doc. 6), Plaintiff was allowed to proceed on the following claims:

> Count 2:     Eighth Amendment claim against John Doe 2 for denying Plaintiff medical and mental health care for his anxiety and the injuries he suffered on July 15, 2019.
>
> Count 3:     Eighth Amendment claim against Waterman, Cartwright, John Does 4-13, and Jane Does 2-3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019.

| | |
|---|---|
| Count 4: | Eighth Amendment claim against Anderson and John Doe 3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019. |
| Count 9: | Eighth Amendment claim against Morris and John Doe 14 for spraying pepper spray in Plaintiff's cell on December 24, 2019. |
| Count 10: | Eighth Amendment claim against Morris and John Doe 14 for spraying pepper spray in Plaintiff's cell on a second occasion sometime between December 24-30, 2019. |
| Count 11: | First Amendment claim against Morris and John Doe 14 for retaliating against Plaintiff for the Pinckneyville staff assault, filing a grievance regarding the attempted assaults at Menard, and filing a lawsuit against Menard officials by spraying pepper spray in Plaintiff's cell on two occasions, threatening his family, and destroying his mail. |

He filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) with his Complaint seeking transfer from Menard to another facility and to have his security status changed to protective custody status. He reported fear for his safety and the potential for retaliation based on the incidents that occurred in July 2019 and December 2019, the filing of his grievance in August 2019, the filing of a lawsuit against Menard officials in November 2019, and the filing of this lawsuit. He also made vague references to other retaliation and threats by prison officials but failed to provide any details. That motion was denied because Plaintiff had not made a clear showing that immediate or irreparable injury would result without a TRO or preliminary injunction; his allegations pertained to past conduct and were speculative regarding the potential for retaliation and he failed to articulate any specific or imminent threat to his safety. (Doc. 6).

Subsequently, Plaintiff filed the motion currently before the Court. He asserts that he is housed in Menard's segregation unit and has requested protective custody outside of Menard. He further asserts that he is concerned about potential retaliation because he has filed grievances and

multiple lawsuits against Menard officials, including this case.[1] He alleges the Warden is ignoring his emergency grievances about the potential for harm and his requests for protective custody are being ignored.[2] He requests protective custody outside Menard "due to potential threats to himself within any of Menard's population units, including protective custody," and an order requiring that he stay in segregation until he is granted protective custody outside of Menard.

The Court scheduled the motion for hearing on June 18, 2020 and a video writ was issued for Plaintiff to appear by video conference. (Docs. 46, 47). On June 18, 2020, the matter was called for hearing and counsel for Defendants appeared via video conference. (Doc. 53). Plaintiff failed to appear despite the availability to appear by video conference. (*Id.*). Menard Correctional Officers Brumleve and Wine appeared and informed the Court that Plaintiff refused to leave his cell to attend the hearing.

Thereafter, Plaintiff filed additional documents alleging he was wrongfully denied protective custody by Menard officials and asking that the Court reschedule the hearing on his motion. (Docs. 54, 62). The Court held a second hearing on August 27, 2020 and Plaintiff testified via video conference.

## **DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

---

[1] Plaintiff's other pending cases in this Court include 19-1281-NJR and 19-1386-NJR. In 19-1281, he is proceeding on First Amendment claims that (1) a Menard counselor and the Warden retaliated against him by failing to provide him with grievance forms and (2) the counselor interfered with his access to the courts by denying him grievance forms. In 19-1386, he is proceeding on an excessive force and retaliation claim against a Pinckneyville correctional officer for events that occurred immediately following the staff assault he was involved in on July 15, 2019. The claim in 19-1386 was severed from the Complaint in 19-1281.

[2] In his Reply (Doc. 44), Plaintiff also alleges he was interviewed by Internal Affairs Officers regarding his request for protective custody and both officers were involved in the assault that is the subject of this litigation.

a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). And, mandatory injunctions – those requiring an affirmative act by the defendant – are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

"[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-662 (7th Cir. 2015). If the threshold is met, the court must consider the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest. *Id.* at 662. "The court weighs the balance of potential harms on a "sliding scale" against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id*.

As an initial matter, Plaintiff's request for an order that he remain housed in Menard's segregation unit while his request for protective custody placement outside of Menard is pending is moot. According to the parties' briefs and exhibits, Plaintiff has been removed from segregation and his request for protective custody has been denied.

With respect to Plaintiff's request for an order for protective custody outside of Menard, Plaintiff claims he fears for his safety and that there is a potential for retaliation based on the incidents that occurred in July 2019 and December 2019, the filing of his grievance in August 2019, the filing of a lawsuit against Menard officials in November 2019, and the filing of this

lawsuit.  However, he makes only vague references and offers no details regarding alleged threats or retaliation.  As such, he once again fails to articulate any specific or imminent threat to his safety by the Defendants.  As this Court noted in ruling on Plaintiff's previous motion seeking injunctive relief, "issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief."  *Orr v. Shicker,* 953 F.3d 490, 502 (7th Cir. 2020) (internal citation omitted).  Accordingly, Plaintiff's Motion to Compel (Stay of Residence)" (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 31, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**