## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES, #B58058,          )
                                  )
            Plaintiff,            )
                                  )
vs.                               )          Case No. 20-cv-00158-SMY
                                  )
FRANK LAWRENCE, et al.,           )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

Plaintiff Reginald Jones, who is currently incarcerated at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  This matter is now before the Court on Plaintiff's Motion to Compel (retention of personal property) (Doc. 121).  Defendants filed a Response (Doc. 129) and Plaintiff filed a Reply[1] (Doc. 133).

Although the pleading is captioned "motion to compel," in actuality, Plaintiff is seeking a preliminary injunction.  Plaintiff asserts that his property was previously taken from him during a "strip out" on July 20, 2020 and was not returned until August 19, 2020 and requests an order

---

[1] Plaintiff is reminded that he must comply with the Court's Local Rules and Procedures regarding Reply briefs.  Under SDIL Local rule 7.1 and this Court's Case Management Procedures, Reply briefs are not favored and should be filed only in exception circumstances.  In that regard, any party wishing to file a reply brief shall, within three (3) days of service of the response, file a motion for leave. The motion for leave shall set forth the exceptional circumstances justifying a reply. If filed, reply briefs may be no longer than 5 pages and must be filed within fourteen (14) days of obtaining leave for replies governed by Local Rule 7.1(c) and within seven (7) days of obtaining leave for replies governed by Local Rule 7.1(g). Any reply briefs filed in violation of these requirements shall be stricken and will not be considered by the Court.

mandating prison officials to allow him to retain his personal property based on his belief that upon his outdate from segregation, his personal and legal property will be taken from him again.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)).  And, mandatory injunctions – those requiring an affirmative act by the defendant – are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action.  *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).  "[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits."  *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-662 (7th Cir. 2015).

Plaintiff has not shown that his materials are likely to be confiscated.  He offers no more than his own belief that he will be subject to a "strip out" because he was previously subject to a "strip out."  He offers no evidence that the confiscation of his property is imminent. Further, he acknowledges that he received his property back following the prior "strip out."  Thus, even if he is subject to a "strip out" he has not shown that he will lose all access to his materials.  As this Court noted in ruling on Plaintiff's previous motions seeking injunctive relief, "issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief."  *Orr v. Shicker,* 953 F.3d 490, 502 (7th Cir. 2020) (internal citation omitted).

Accordingly, Plaintiff's Motion to Compel  is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 4, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**