**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **REGINALD JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-158-SMY** |
| | ) | |
| **MONTEGOMERY WATERMAN,** | ) | |
| **KEVIN CARTWRIGHT, MARSHALL** | ) | |
| **ANDERSON, JOHN DOE 2, JOHN DOE** | ) | |
| **3, 8-13, JANE DOE 2, ANDREA** | ) | |
| **JOHNSON, JASON MORRIS,** | ) | |
| **ANTHONY WILLS, MICHAEL ASTIN,** | ) | |
| **SGT ANTHONY JONES, ZACHARY** | ) | |
| **FENTON, JOSEPH CHILDERS, and** | ) | |
| **KYLE LINDNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 197), recommending that the Court grant the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Anthony Wills, Kevin Cartwright, Jason Morris, and Montegomery Waterman (Doc. 83). Plaintiff filed a timely objection (Doc. 202). For the following reasons, Judge Daly's Report is **ADOPTED.**

## Background

Plaintiff Reginald Jones, an inmate in the custody of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983, claiming his First and Eighth Amendment rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges that he was denied medical care, harassed and threatened, sprayed with pepper spray, and retaliated against as set forth in Counts 2, 3, 4, 9, 10, and 11:

**Count 2**: Eighth Amendment claim against John Doe 2 for denying Plaintiff medical and mental health care for his anxiety and the injuries he suffered on July 15, 2019.

**Count 3**: Eighth Amendment claim against Waterman, Cartwright, Michael Astin, Sgt. Anthony Jones, Zachary Fenton, Joseph Childers, John Does 8-13, and Jane Does 2-3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019.

**Count 4**: Eighth Amendment claim against Anderson and John Doe 3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019.

**Count 9**: Eighth Amendment claim against Morris and Kyle Lindner for spraying pepper spray in Plaintiff's cell on December 24, 2019.

**Count 10**: Eighth Amendment claim against Morris and Lindner for spraying pepper spray in Plaintiff's cell on a second occasion on December 29, 2019.[1]

**Count 11**: First Amendment claim against Morris and Lindner for retaliating against Plaintiff for the Pinckneyville staff assault, filing a grievance regarding the attempted assaults at Menard, and filing a lawsuit against Menard officials by spraying pepper spray in Plaintiff's cell on two occasions, threatening his family, and destroying his mail.

(Docs. 1, 6).

Defendants Wills, Cartwright, Morris, and Waterman move for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies or to submit a grievance prior to filing this lawsuit. The motion was joined by Defendants Jones, Fenton, Astin, Childers, Johnson, and Anderson (Docs. 167, 192).

## Discussion

Judge Daly held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on February 25, 2021 and subsequently issued her Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and her findings and conclusions. She found that there was only one relevant grievance – an

---

[1] Plaintiff's Complaint was amended by interlineation to reflect the exact date of this alleged occurrence (Doc. 190).

emergency grievance dated August 12, 2019 and numbered #162-8-19. She concluded, however, that the grievance was not fully exhausted. She also found that Plaintiff did not submit any additional grievances and that the grievance process was available to him. As a result, Judge Daly recommends that this entire case be dismissed without prejudice for failure to exhaust administrative remedies (Doc. 197).

When timely objections having been filed to the Report, the Court undertakes *de novo* review of the portions to which a party specifically objects and reviews the unobjected portions for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

Plaintiff does not deny that he failed to fully exhaust grievance #162-8-19 regarding the July 2019 incidents contained in Counts 2, 3, and 4 and that he failed to file a grievance regarding the December 2019 incidents contained in Counts 9, 10, and 11. His objections center on his contention that Judge Daly should not have credited grievance officer Kelly Pierce's testimony. Pierce testified that a copy of grievance #162-8-19 that was produced during the Pavey Hearing was an accurate copy of the original grievance submitted by Plaintiff that is contained in his

Masterfile. She further testified that the version of the grievance form does not affect the institution's ability to consider the grievance or the inmate's ability to exhaust the grievance.

The judge presiding over a *Pavey* hearing is in the best position to assess a witness' credibility. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052 (7th Cir. 1995). Here, Judge Daly assessed Pierce's testimony and determined that her testimony that the version of a grievance form makes no difference on its efficacy was credible. This conclusion was based on the undisputed evidence that Plaintiff's grievance was considered on the merits despite being on an older version of the grievance form. Further, Judge Daly found that the copy of grievance #162-8-19 was admissible and that the original version of the grievance was not relevant. The Court finds no reason in the record to second-guess Judge Daly's findings. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

The Court finds clear no clear error in the Report. Plaintiff's mistaken believe that a "current" version of grievance forms is necessary does not render the grievance process unavailable. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[w]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited.").

## Conclusion

For the foregoing reasons, Judge Daly's Report (Doc. 197) is **ADOPTED** in its entirety; Defendants' Motion for Summary Judgment (Doc. 83) is **GRANTED**. This matter is **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: June 23, 2021**

**STACI M. YANDLE**
**United States District Judge**